(74 Misc. Rep. 521.)

### CITY OF NEW YORK v. MONTAGUE et al.

(Supreme Court, Special Term, New York County.   December, 1911.)

SET-OFF AND COUNTERCLAIM (§ 41*)—SUBJECT-MATTER—MUTUALITY OF DE-
MANDS.

> Where a city sued the receivers of a street railway company to have
> its tracks adjudged a public nuisance in consequence of their condition
> and removed, holders of bonds of a company which leased the line to
> the company represented by the receivers, having been joined as de-
> fendants, are not entitled to maintain a counterclaim against the re-
> ceivers, under provisions of the lease that the lessee should repair and
> keep the tracks in order, nor to demand an affirmative judgment against
> the receivers requiring them to carry out such provisions, since the pro-
> posed counterclaim is not based on facts involved in the plaintiff's cause
> of action.

> [Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig.
> §§ 76–79, 81; Dec. Dig. § 41.*]

Action by the City of New York against Gilbert Montague, receiver,
and the Fulton Street Railroad Company.   Motion by the receiver to
strike out part of an answer of the street railroad company, which
seeks to set up a counterclaim or cause of action against the receiver.
Granted.    Order reversed, 134 N. Y. Supp. 87.

See, also, 134 N. Y. Supp. 89.

A. R. Watson, Corp. Counsel (Frank B. Pierce, of counsel), for
plaintiff.

Paris S. Russell, for defendant.

PENDLETON, J.   This is a motion by one defendant to strike out
the part of an answer of another defendant which seeks to set up a
counterclaim or cause of action against the moving defendant.

The action is brought by the city of New York to have the tracks
in Fulton street declared a nuisance, and enjoin the maintenance there-
of.   It was held in the decision on the demurrer herein that this action
was in effect to have these tracks declared a nuisance and to abate the
same; and anything else in the complaint is a surplusage, and may be
disregarded.   The bondholders of the Fulton Street Railroad Com-
pany, in the second subdivision of their answer, seek a judgment
against defendants Joline and Robinson, receivers of the Metropolitan
Railroad Company, compelling them to put the tracks in repair, and
base their contention on the provisions of the old lease or agreement
of the Fulton Street Railroad Company with the Metropolitan Street
Railroad Company.   It is this second subdivision of the bondholders'
answer which the receivers, the moving defendants, seek to have
stricken out.   The motion is resisted under section 521 of the Code,
allowing judgment between separate defendants, and section 1204,
providing for judgment to settle rights between defendants.

Assuming, for the sake of argument, that the agreement between
the Metropolitan Company and the Fulton Street Railroad Company
obligated the Metropolitan Company to put the streets in repair and
that the receivers are obligated thereunder, this is an entirely separate

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and independent matter disconnected with the present suit. Section 521 provides that, where the judgment may determine the ultimate rights of two or more defendants as between themselves, a defendant who requires such judgment must demand it, and section 1204 provides that the judgment may determine the rights of the parties on the same side as between themselves; but this case is not within those provisions.

Section 521 refers to cases where the judgment sought by the plaintiff may determine the rights as between defendants. The judgment sought in this action could not determine any rights between these defendants. The action was by the city to abate the continuance of a nuisance, the only question was as to whether the tracks were a nuisance, and the only necessary parties were the city and those maintaining the alleged nuisance. The bondholders of the Fulton Street Railroad Company were not necessary parties, and, of course, their rights as between them and the Metropolitan Company or its receivers could not be involved or determined by the judgment sought by plaintiff. In Kay v. Whittaker, 44 N. Y. 575, it was held that section 521 of the Code only applies where the claim by one defendant against the other is *in reference to the claim made against them by the plaintiff and as part of the adjustment of that claim, and it must be based upon the facts involved in and brought out by the litigation and investigation of plaintiff's cause of action.* Such is plainly not this case. Plaintiff's claim is only that the tracks in their present condition are a public nuisance. Why or by whose fault or on whom any obligation rests is not involved. If plaintiff were seeking to enforce some obligation to repair, a different question would be presented.

The bondholders were not necessary parties to this litigation, and were not made defendants and not strictly entitled to be heard. They of their own motion asked to intervene and to be heard as to the cause of action brought by plaintiff. To allow them now to take advantage of this position to interject into this litigation an entirely new and independent alleged claim in their favor against the original defendants would be a most anomalous proceeding for even the Code of Civil Procedure, and is, I think, entirely unwarranted and unsupported by authority. This is not an action to forfeit a franchise for nonuser or otherwise. This the city under the Bryan case cannot do. It is simply to remove an incumbrance and nuisance from the streets. Any rights the bondholders may have against the Metropolitan Railroad Company or its receivers could have been heretofore, and may still be prosecuted. Having so far failed to do so is no reason why they should now ask that the city's effort to remove an incumbrance from the streets should be delayed until they can prosecute some alleged claim against the receivers. Any rights they may have against the latter are not defeated by this proceeding.

Motion granted, $10 costs.